IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                    24-MJ-034

RICARDO JUAREZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendant Ricardo Juarez's Notice of Appeal of Order of Detention, (Doc. 14), filed February 5, 2024. Based on my de novo review of the Criminal Complaint, (Doc. 1), the Amended Pre-trial Services report, (Doc. 10), the Order of Detention Pending Trial, the audio recording of the Detention Hearing held before Magistrate Judge Fouratt, the briefing of the parties, and the applicable law, and having determined a hearing on this appeal is not necessary, I affirm Judge Fouratt's order of detention.

*I.      Procedural Background*

    On January 11, 2024, a criminal complaint was filed charging Defendant with a violation of 8 U.S.C. 1326(a)(1), (2), and (b)(2), Re-entry after Deportation, and alleging Defendant was encountered on January 9, 2024, by United States Border Patrol agents in Radium Springs, New Mexico. Based on his answers to questions, he is alleged to be a citizen of Mexico and that he did not have permission from the United States government to enter or remain here, that he previously had been removed to Mexico, specifically on December 1, 2012, and that he did not obtain permission to reapply for admission into the United States.

1

Defendant initially appeared on the criminal complaint on January 11, 2024. A detention hearing was set for January 17, 2024; however, at Defendant's request, the hearing was continued to allow time for him to be interviewed by a Pretrial Services officer. The interview was completed and an amended Pretrial Services report was filed that included a recommendation of detention. The Detention Hearing proceeded on January 23, 2024.

After a robust exchange with defense counsel and hearing from the United States, Judge Fouratt ordered Defendant detained, noting significant family and other ties outside the United States; a lack of legal status; his being subject to removal or deportation after any period of incarceration; use of alias(es); and prior violation of probation, parole, or supervision. In addition, the Judge Fouratt gave the following written explanation in his order:

- Although [Defendant's] counsel proffered that [Defendant] has lived and worked in Big Spring, TX, for the last 10 years, [Defendant] was apprehended among a load of other aliens on I-25 headed to Albuquerque. He also provided the USBP with an Albuquerque address.

- Although [Defendant's] counsel suggested that [Defendant] might be entitled to relief from the deportation that ordinarily follows a conviction under 1326(b)(2), cases based on the Convention Against Torture, the Court considered that possibility to be so remote as to not affect the flight risk analysis. [Defendant] is 58 years old, has never before sought relief under that convention, and has lived in the USA continuously for more than the last 10 years (which would likely frustrate his ability to show credible fear).

- The Court is convinced that the likelihood of conviction followed by deportation is so high that, if released, [Defendant] would not return to Court for further proceedings in the case. Instead, the temptation to resume his life in the U.S., whether in Big Spring or elsewhere would prove irresistible.

- Any other reasons stated on the record.

Doc. 13). This appeal follows.

II.    *Standard of Review and Applicable Law*

2

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

### III. Analysis

In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

There is no argument here that anyone would be endangered if Defendant is released. Rather, the United States contends only that Defendant is a flight risk and that no condition or combination of conditions would adequately ensure Defendant's presence as required.

The offense of Re-entry is serious, carrying with it a statutory maximum sentence of 20 years. Although any sentence imposed would be based on the Sentencing Guidelines and likely much lower than 20 years, Defendant nevertheless faces a potentially serious term of incarceration, incentivizing flight.

At the time Defendant was encountered in Radium Springs, an area that is frequently used by human smuggling organizations for staging and scouting. Defendant was traveling with a group of other undocumented immigrants as they were being driven to Albuquerque, New Mexico.

The weight of the evidence is strong. As noted, by Defendant's own admission, he is not a citizen of the United States, having been born in Chihuahua, Chihuahua, Mexico. Defendant admitted and the records show he was ordered deported and was removed from the United States. He stated he returned to the United States approximately 10 years ago and that prior to doing so, he did not have permission to re-enter. The evidence strongly suggests a conviction, period of incarceration and eventual removal, further incentivizing flight.

Defendant has significant ties to both Mexico and the United States. He was born in Chihuahua, Chihuahua, Mexico and, according to his mother, lived in Ejido Benito Juarez, Chihuahua, Mexico for 20 years. He reports having been brought to the United States when he was seven years old and, although he was deported in 2012, he reports living in Big Spring, Texas, for 40 years, where he resided with his mother and brother. These ties are somewhat

corroborated by both Defendant's mother and his boss, who was present at the hearing before Judge Fouratt. Defendant reports no other residence, although he reported occasionally staying in a motor home in Stanton, Texas, for work-related reasons. Even so, at the time of his arrest on January 9, Defendant gave the agents an address in Albuquerque. These inconsistencies remain unreconciled and, as with Judge Fouratt, the oddities contribute to my lack of confidence in Defendant's commitment to appear as required.

Defendant's history in the United States is evident from his criminal record, which spans 13 years, beginning in 1983, and includes two serious felony drug convictions; a federal drug charge that was dismissed; a federal conviction for falsely claiming United States citizenship; as well as misdemeanor offenses and other drug-related charges. Although the convictions and charges are comparatively aged, they, along with his failure to comply with conditions of supervision, and multiple removals and re-entries, all demonstrate a disregard for authority, including any condition or combination of conditions intended to assure his appearance.

Defendant argues he is not a flight risk, even with the chance he might be removed again. He argues, based on his desire to remain in the United States, he is not a risk of fleeing to Mexico. In addition, he states his intention to seek relief under the Convention Against Torture, acknowledging this relief is "extremely unlikely" and with no guarantee of success. I share the concern Judge Fouratt described during the detention hearing that while Defendant may not want to return to Mexico, he remains a risk of disappearing into the American society, such as he has done, at least since his deportation in 2012. I'm also not persuaded that any prospect of relief under the Convention Against Torture would prevail over his risk of flight, noting that he has never applied for relief under this theory as well as the circumstances surrounding his encounter in this case.

*IV. Conclusion*

Having considered the foregoing Section 3142(g) factors, the Court concludes by a preponderance of the evidence that Defendant is a risk of flight and further concludes that no condition or combination of conditions will assure his appearance as required. The order of the Magistrate Judge is affirmed. Defendant shall remain in the custody of the United States Marshal pending trial.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE